UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRIAN VAL KELLEY ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 3:06-0162 |
| ] | Judge Trauger |
| VIRGINIA LEWIS, WARDEN ] | |
|     Respondent. ] | |

M E M O R A N D U M

On September 13, 2006, the Magistrate Judge issued a Report and Recommendation (Docket Entry No.13) in which he recommends that the court deny the petitioner's habeas corpus petition and dismiss this action. The petitioner filed timely objections (Docket Entry No.20) to the Report and Recommendation, to which the respondent filed a Response (Docket Entry No. 24), and the petitioner filed a Reply (Docket Entry No. 28).

A hearing was conducted on December 8, 2006 addressing the petitioner's objections. Having considered petitioner's objections, the arguments of counsel and the record *de novo*, the court finds, for the reasons stated below, that the petitioner's objections lack merit and should be overruled.

A jury in Wilson County found the petitioner guilty of murdering his thirteen-month-old daughter. The petitioner admitted to the murder but claimed that God had ordered him to

1

kill her as a sacrifice to celebrate the second coming of Christ. At trial, the petitioner invoked the insanity defense, which the jury apparently rejected, finding him guilty, despite overwhelming expert and lay testimony that the petitioner was mentally ill at the time of the killing.

In his petition (Docket Entry No.1), the petitioner set forth thirteen (13) claims for relief. The Magistrate Judge found that each of the petitioner's claims had been fully exhausted and was properly before the court. He determined, however, that none of the issues raised by the petitioner implicated rulings that were either contrary to, or an unreasonable application of, federal law. As a consequence, the Magistrate Judge recommended that the petition for writ of habeas corpus be denied and that this action be dismissed.

The petitioner's objections to the Report and Recommendation are threefold. First, as to the insanity defense, the jury was instructed that "A person is not responsible for criminal conduct if at the time of the commission of the acts constituting the offense, the person as a result of a severe mental disease or defect was unable to appreciate the *wrongfulness* of such person's acts." (emphasis added) Docket Entry No.8; Addendum No.8 at pgs. 18-19. The term *wrongfulness* was never defined for the jury, an omission that the petitioner claims was an error of constitutional proportion.

2

A jury instruction will only be deemed constitutionally infirm if, when taken as a whole, it renders the entire trial fundamentally unfair. Estelle v. McGuire, 502 U.S. 62, 112 S.Ct. 475, 482, 116 L.Ed.2d 385 (1991). The jury was correctly instructed as to the elements of an insanity defense. *See* Tenn. Code Ann. § 39-11-501, et seq. The jury was left to define *wrongfulness* in whatever way each individual juror understood the term. The term is not technical in nature and its meaning is easily understood by any rational person. The insanity instruction was acceptable to defense counsel without further definition. Docket Entry No.8; Addendum No.15B at pg.49. Moreover, "counsel relied on the defense experts to provide explanations regarding the various definitions of wrongfulness and to opine as to why the petitioner met the standards of the insanity defense." Docket Entry No.8; Addendum No.18 at pg.8. The petitioner has failed to show how the refusal to define *wrongfulness* in a jury instruction deprived him of a fair trial. Accordingly, this objection has no merit.

While in custody, the petitioner confessed to several people that he had murdered his daughter. The only question at trial was whether the petitioner was legally insane at the time of the killing. The jury chose not to accredit the petitioner's insanity defense and instead found him guilty of murder. The petitioner's second objection is that there was more than sufficient evidence

to support the insanity defense.[1]

In order to obtain a criminal conviction, due process requires the prosecution to prove every element of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979). The petitioner does not assert that the prosecution failed in this regard. Rather, the petitioner faults the jury's refusal to credit his proffered affirmative excuse or justification for a purposeful killing.

The "sufficient evidence" standard guaranteed by due process does not extend beyond the prosecution's case in chief to include a defendant's affirmative defense. Caldwell v. Russell, 181 F.3d 731, 740 (6th Cir. 1999). The Constitution does not require an acquittal simply because the petitioner may have offered significant proof in support of his insanity defense that a jury chose not to accredit. Consequently, the state court rulings denying the petitioner relief on this claim were neither contrary to, nor an unreasonable applicable of, federal law.

Finally, the petitioner asserts that, as applied to him, the

---

[1] It appears from the technical record that no effort was made to suppress incriminating statements made by the petitioner while he was in custody. Docket Entry No.8; Addendum No.1. This, despite the fact that the petitioner was found to be incompetent following his arrest and needed "approximately ten months of treatment" before he could stand trial. Docket Entry No.20 at pg.6. Defense counsel did inform the jury during opening statement that the petitioner had previously been deemed incompetent to stand trial. Docket Entry No.8; Addendum No.2A at pg.85.

4

Tennessee Insanity Affirmative Defense statute (Tenn. Code Ann. § 39-11-501, et seq.) is unconstitutional. The petitioner acknowledges that, "On its face, there is no apparent constitutional defect in the Tennessee insanity statute". Docket Entry No.20 at pg.22. He argues, however, that the statute was unconstitutionally applied to him because no criminal defendant has successfully litigated an insanity defense since its enactment in 1995.

The petitioner offered extensive evidence showing that he was mentally ill at the time of the killing. Nevertheless, he was unable to prove to the satisfaction of the jury that he was incapable of appreciating the wrongfulness of his act. There was evidence in the record, more specifically, the petitioner's own admissions, acknowledging that he knew the killing was wrong. The jury's rejection of the petitioner's affirmative defense, therefore, was not arbitrary. As a result, the Tennessee Insanity Affirmative Defense statute, as applied to the petitioner, was not unconstitutional.

Having heard the arguments of counsel and reviewed this record *de novo*, the court finds that the Magistrate Judge correctly concluded that the petition for writ of habeas corpus had no merit. Accordingly, the petitioner's objections will be overruled and the Report and Recommendation shall be adopted and approved in all respects.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge